[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 10, 2005
THOMAS  K. KAHN
CLERK

No. 04-14189
Non-Argument Calendar

D.C. Docket No. 00-00008-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LEWIS CASH,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(May 10, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

William Lewis Cash appeals his conviction and sentence for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Cash is pursuing this appeal after the district court granted in part his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, finding Cash's counsel provided ineffective assistance by failing to file a notice of appeal on his behalf. After finding Cash was entitled to an out-of-time direct appeal, the district court followed the procedure we outlined in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), vacating the original judgment and reimposing the same sentence. Cash timely appealed from the reimposed judgment. We vacate and remand for resentencing.

## I. DISCUSSION

Cash argues in light of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), the district court erred in attributing 500 grams of cocaine to him and sentencing him under a mandatory guidelines system. Cash asserts he admitted only to a drug quantity of 480.6 grams of cocaine, and asserts the district court erred under *Blakely* in attributing

2

500 grams to him. He claims this judicial finding resulted in an increased sentencing guidelines range.

Because Cash objected to the finding of drug quantity in the district court, we review the sentence de novo. *United States v. Paz*, 11th Cir., 2005, __ F.3d __ (No. 04-14829, Apr. 5, 2005). "We will reverse the district court only if any error was harmful." *Id.* We have clarified there are two types of *Booker* error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) error based upon sentencing under a mandatory guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–1334 (11th Cir. 2005). We address each type of error in turn.

A.    *Sixth Amendment*

There is no Sixth Amendment error under *Booker* where the defendant has admitted to facts later used by the district court to enhance his sentence, whether at the plea hearing, in the PSI, or at sentencing. *Id.* at 1330. At the plea hearing, when given a chance to present his own version of the facts, Cash admitted to the district court that he had paid the undercover officer $8,000 (with an additional $2,000 to be paid at a later date) for a half kilogram, or 500 grams, of cocaine. Cash asserts the actual quantity of drugs delivered by the Government to him in

the undercover "reverse sting" operation was only 460.8 grams. However, the fact the amount actually delivered was less than the agreed-upon amount is of no consequence. In a "reverse sting" operation where an undercover officer sells narcotics to a defendant, the quantity of drugs attributable to the defendant is the quantity agreed upon, not the quantity actually delivered. *See* U.S.S.G. § 2D1.1, comment. (n. 12) ("[I]n a reverse sting, the agreed-upon quantity of the controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is controlled by the government, not by the defendant."); *see also United States v. Chirinos*, 112 F.3d 1089, 1103 (11th Cir. 1997) (affirming sentences based upon a finding of 300 grams of cocaine, where no cocaine actually existed but where the appellants believed they would be stealing 300 grams of cocaine, based upon U.S.S.G. § 2D1.1, comment. (n.12)). Because Cash admitted he intended to purchase a half kilogram, or 500 grams, of cocaine from the undercover officer, and because the district court attributed only that quantity to Cash, no Sixth Amendment violation based upon judicial factfinding occurred.

B.    *Mandatory Nature of the Guidelines*

The Supreme Court has now excised the mandatory nature of the Guidelines. *See Shelton*, 400 F.3d at 1330. Thus, there is *Booker* error in this case

because the district court sentenced Cash under a mandatory Guidelines system, even in the absence of a Sixth Amendment enhancement violation. *See id.* at 1330–31.

Under harmless error review, the Government has the burden of persuasion with respect to prejudice or the effect on substantial rights. *United States v. Monroe*, 353 F.3d 1346, 1352 (11th Cir. 2003). In other words, the Government must show the *absence* of prejudice to the defendant. *United States v. Fern*, 155 F.3d 1318, 1327 (11th Cir. 1998). Thus, the Government must show there is no prejudice to Cash, *i.e.* there is no reasonable probability of a different result under a non-mandatory Guidelines scheme. *Cf. United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.), *petition for cert. filed*, 73 U.S.L.W. 3531 (Feb. 23, 2005).

Here, the Government has not and cannot show an absence of prejudice to Cash. The district court stated at resentencing, in regard to *Blakely*, "I have not revisited the sentencing issue. I have not made a determination of whether the same sentence would have been imposed had *Blakely* invalidated the sentencing guidelines." Thus, the error of sentencing Cash under a mandatory Guidelines

scheme is not harmless. Accordingly, we vacate Cash's sentence in its entirety

and remand for resentencing consistent with *Booker*.[1]

      VACATED AND REMANDED.

---

[1] Because we are vacating and remanding Cash's sentence in its entirety, we do not address whether the district court erred in failing to conduct a de novo resentencing, as the district court will conduct a de novo resentencing on remand.

Additionally, we find the record is not sufficiently developed to address Cash's ineffective assistance of counsel claim, which has not been raised in the district court. *See United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994). We therefore decline to address that issue.