UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary A. PHILLIPS, Defendant–
Appellant.

No. 98–7034.

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 2000.

Donald L. Colee, Jr., Law Office of Donald L. Colee, Jr., Birmingham, AL, for Defendant–Appellant.

Robert Owen Posey, Dept. of Justice, U.S. Atty., Birmingham, AL, for Plaintiff–Appellee.

Before CARNES, MARCUS and FARRIS*, Circuit Judges.

CARNES, Circuit Judge:

Gary A. Phillips attempts to appeal out-of-time the sentence he received after be-

---

* Honorable Jerome Farris, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

ing convicted of three counts related to a bank robbery. He contends that when calculating his sentence the district court improperly applied two upward adjustments to his base offense level. We are faced with a threshold issue of appellate jurisdiction, because Phillips did not file his notice of appeal until sixteen days after the district court entered its order granting his 28 U.S.C. § 2255 motion for an out-of-time appeal. Was that too late? Is entry of the order granting a § 2255 motion that seeks an out-of-time appeal the event that starts the notice of appeal clock running? How should a district court procedurally effect an out-of-time appeal as a § 2255 remedy, anyway?

## I. PROCEDURAL HISTORY

Gary Phillips was tried and convicted by a jury for conspiring to commit a bank robbery, in violation of 18 U.S.C. § 371, commission of a bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and possession of a short-barrel rifle, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. He was sentenced for those crimes in February of 1993. No direct appeal was filed on behalf of Phillips, and nothing happened in the case for over four years. In March of 1997, Phillips filed a motion under 28 U.S.C. § 2255 contending that he had wanted to appeal his sentence but had been denied his right to do so. Section 2255 grants prisoners "in custody under sentence of a court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" the right to move the court to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. That is what Phillips did, and he eventually convinced the district court that he was entitled to some relief.

On December 2, 1998, the district court entered an order granting Phillips' § 2255 motion on the ground that neither the court at sentencing nor Phillips' attorney at the time had advised him of his right to appeal *in forma pauperis*. The government did not exercise its right to appeal that § 2255 order and does not question its correctness now. The last sentence of the district court's December 2, 1998 order giving Phillips relief states as follows: "Therefore, he is hereby GRANTED an out-of-time appeal and his present, court-appointed counsel is appointed to represent him on appeal of the merits." Phillips filed a notice of direct appeal from his 1993 sentence sixteen days later, on December 18, 1998. This is that appeal.

## II. DISCUSSION

The threshold issue we must decide is whether we have jurisdiction to resolve the sentencing issues Phillips raises, because we may not address issues raised in an appeal until we resolve any questions about our jurisdiction to decide those issues. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–03, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210 (1998). The government takes the position that we may lack jurisdiction because Phillips did not file his notice of direct appeal in a timely fashion after the district court's order granting him permission to file it out-of-time. *See United States v. Whitaker*, 722 F.2d 1533, 1534 (11th Cir.1984) ("Failure to file a timely notice of appeal leaves the appellate court without jurisdiction."). The government says that Phillips should have filed his notice of appeal within ten days of the entry of the § 2255 order permitting him to do so. The government stakes its position on the fact that ten days is the time ordinarily allowed for filing a notice of appeal after entry of the sentence being appealed.

In order to appeal, as of right, a judgment of the district court a party ordinarily must file a notice of appeal within the time allowed by Rule 4 of the Federal Rules of Appellate Procedure. *See Smith v. Barry*, 502 U.S. 244, 247, 112 S.Ct. 678, 681, 116 L.Ed.2d 678 (1992). And the

times for filing notices of appeal that are set out in Rule 4 are jurisdictional and strictly applied. *See id.* at 248, 112 S.Ct. at 682 (discussing Rules 3 and 4 and their application); *see also LaChance v. Duffy's Draft House, Inc.,* 146 F.3d 832, 837 (11th Cir.1998). The problem is that the time for filing a notice of appeal in this situation, where the district court has granted an out-of-time appeal from the judgment in a criminal case as relief in a § 2255 proceeding, is not specified in Rule 4.

Federal Rule of Appellate Procedure 4(a)(1)(B) provides that notice of appeal in a civil case must be filed within sixty days (where the government is a party), but this is not an appeal in a civil case. Phillips is not appealing the order the district court entered in the § 2255 proceeding which purported to grant him this out-of-time direct criminal appeal; instead, he is appealing or attempting to appeal the sentence he received in his criminal case in 1993.

Rule 4(b)(1)(A), which generally governs appeals by defendants in criminal cases, does not apply in this situation either. That provision requires a criminal defendant to file notice of appeal within ten days after "(i) the entry of either the judgment or the order being appealed," or "(ii) the filing of the government's notice of appeal," whichever is later. Of course, it is impossible for a defendant to file the notice of appeal in an out-of-time appeal within either of those two Rule 4(b)(1)(A) dates, because if the defendant could do that it would not be an out-of-time appeal. The sentence judgment Phillips is appealing was entered four years before he received authorization in the form of the § 2255 order to go ahead and appeal that judgment even though the Rule 4(b)(1)(A) deadline had long since passed. To hold that Rule 4(b)(1)(A) applies to out-of-time appeals without more would mean there could be no out-of-time appeals, and we know that is not correct. Because Rule 4 does not provide a filing deadline for out-of-time appeals, we must look elsewhere for a procedure.

Two circuits, the Sixth and the Eighth, have squarely addressed this procedural issue. They have focused on the authority § 2255 grants district courts to "vacate and set the judgement aside and [ ] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate" if the court finds "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. *Rosinski v. United States,* 459 F.2d 59 (6th Cir.1972), involved a meritorious § 2255 motion seeking to vacate a sentence on ineffective assistance of counsel grounds where counsel failed to perfect an appeal despite being asked by the defendant to do so. The Sixth Circuit remanded the case to the district court with instructions to: (1) grant the motion to vacate the sentence imposed; (2) resentence the defendant on the original conviction, which would re-commence the Rule 4(b)(1)(A) ten-day period for filing an appeal; and (3) advise the defendant of his right to appeal the sentence. *Id.* at 59–60. The Eighth Circuit follows the same procedure in cases in which a defendant has been deprived of his right to direct appeal of a criminal judgment. *See United States v. Beers,* 76 F.3d 204, 205 (8th Cir.1996); *Hollis v. United States,* 687 F.2d 257, 259 (8th Cir.1982).

Although a rules committee might devise a simpler and more direct procedure for getting out-of-time appeals underway than that used in the Sixth and Eighth Circuits, we are at a loss as to how a court can do better than those two circuits while staying within the confines of the Federal Rules of Appellate Procedure and not overstepping the authority granted to courts by § 2255. Congress wrote § 2255 in such a way as to authorize courts to vacate sentences and order defendants resentenced, but the remedial language of that provision does not extend to simply pronouncing that long-past filing deadlines should be ignored by clerks of court and courts of appeals. By contrast, vacating a sentence and resentencing a defendant are

remedies authorized by § 2255, and by using them a court can give a defendant access to the right that was previously and wrongfully denied—the right to appeal the sentence. The defendant will have access to that right because, once the defendant is re-sentenced, the ten-day period specified in Rule 4(b)(1)(A)(i) will start running anew. So, the Sixth and Eighth Circuit approach works and it does so without showing disrespect to the language of § 2255 or that of Rule 4.

 For these reasons, and for want of any better way to effect the necessary remedy consistent with the wording of statutory provision and the rule, we adopt the procedural approach of the Sixth and Eighth Circuits. When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

Having no guidance in the rules or in decisions of this Court, the district court did not follow in this case the procedure which we have now set out as the proper method for allowing a defendant an out-of-time appeal. If this were an appeal of the § 2255 order, we would vacate that order and remand with instructions that the district court enter a new order consistent with the prescribed procedures. But this is not an appeal of the § 2255 order. We cannot vacate that order because it is not before us. Nor can we review the merits of the 1993 sentence, because the notice of appeal from it was filed more than five years too late. We have to dismiss this appeal as untimely.

All hope of remedy is not lost for Phillips, however. He may file, and the district court should grant, a Federal Rule of Civil Procedure 60(b)(6) motion to relieve him from the operation of that part of the § 2255 order entered in 1998 which put forward the wrong remedy for what everyone agrees is a denial of a right Phillips suffered which can and should be remedied. The only reason that denial of a right—the right to direct appeal—was not properly corrected in the § 2255 order is the absence of any guidance in the procedural rules or in the decisions of this circuit about the procedure that should be used to correct it. This is one of those rare instances in which Rule 60(b) relief is available in regard to an order entered in a § 2255 proceeding. When Phillips files a Rule 60(b) motion the existing § 2255 order can be amended or a new one can be issued granting Phillips relief pursuant to the procedure we have spelled out in this opinion. In that manner, Phillips can obtain his out-of-time appeal. But the present appeal is not the way.

### III. CONCLUSION

This appeal is DISMISSED for lack of jurisdiction.