[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15996
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00008-CR-01-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 7, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Cornelius Smith appeals his 200-month sentence for possession with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).

# BACKGROUND

Several months after he was initially sentenced, Smith filed a pro se 28 U.S.C. § 2255 motion to vacate, arguing that: (i) his counsel was ineffective for failing to adequately object to the drug amount calculations in the PSI; and (ii) he was denied his right to appeal his sentence. The district court denied the § 2255 motion. However, we granted a certificate of appealability as to the issues relating to his counsel's failure to appeal and remanded the case in full to the district court for the purposes of holding an evidentiary hearing. In support of Smith's § 2255 motion, Smith's appointed counsel argued that Smith's trial counsel was ineffective for failing to file an appeal. Smith further argued that he was not required to show prejudice in order to prevail, but, in the event that such a showing was required, he had suffered prejudice because he would have argued on appeal that the district court's drug quantity finding violated his Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S.Ct. 2531 (2004).

The district court then granted in part Smith's § 2255 motion as to the claim for ineffective assistance of counsel for failure to file an appeal and ruled that an out-of-time appeal would be allowed. The court vacated Smith's original sentence, as required by the procedure set forth in United States v. Phillips, 225

F.3d 1198, 1201 (11th Cir. 2000).[1]  The district court then entered an amended judgment reimposing the same sentence and advised Smith of his right to appeal within ten days of the reimposed judgment.

On appeal, Smith argues that the district court's drug quantity findings used to determine his sentence violated his Sixth Amendment rights, pursuant to United States v. Booker, 125 S.Ct. 738 (2005), because: (i) the drug quantity was neither admitted by Smith nor found by a jury; and (ii) he was sentenced under a mandatory guidelines system.

**STANDARD OF REVIEW**

Where a defendant raises an issue for the first time on appeal, our review is limited plain error.  Fed. R. Crim. P. 52(b); United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  Though Smith maintains that he preserved the Booker issue because he objected to district court's drug quantity finding, the record reveals that his drug quantity objection was not based on the grounds later recognized in Booker.  Rather, Smith's objection to drug quantity was made on

---

[1] When the district court concludes that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, we have instructed that: "(i) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (ii) the same sentence should then be reimposed; (iii) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (iv) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i)." Phillips, 225 F.3d at 1201.

strictly factual grounds. Smith argued that he was responsible for under 100 grams of cocaine and that his earlier statement to prosecutors indicating his responsibility for a far larger amount was merely a guess. Nowhere in his written objections or during the sentencing hearing did Smith argue that drug quantity should be proved to a jury beyond a reasonable doubt or expressly admitted by Smith, rather than found by the district court under the preponderance standard. Smith's objection also failed to cite to <u>Apprendi</u> or any other case in what became the <u>Booker</u> line. Smith's objection was thus aimed at persuading the district court to find the facts as Smith recounted them – not at the constitutionality of the district court's fact-finding. <u>See</u> <u>United States v. Dowling</u>, No. 04-10464, 2005 U.S. App. LEXIS 4725 at *12 (11th Cir. March 23, 2005). Because we conclude that Smith failed to preserve his <u>Booker</u> challenge, our review is limited to plain error. <u>Rodriguez</u>, 398 F.3d at 1298.

## DISCUSSION

We may not correct an error that the appellant has failed to preserve unless: (i) there is error; (ii) that is plain; (iii) that affects the appellant's substantial rights; and (iv) that affects the fairness, integrity, or public reputation of judicial proceedings. <u>Rodriguez</u>, 398 F.3d at 1298. To satisfy the third prong of this test, a plain error appellant raising <u>Booker</u> error must demonstrate a "reasonable

4

probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge." Id. at 1301.

The district court sentenced Smith based upon a drug quantity which was neither proven to a jury nor admitted by Smith. Smith's sentence was also imposed under a mandatory, rather than advisory, version of the sentencing guidelines. Under Booker, this was error; that error is now plain. United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005). However, as in Rodriguez, nothing in the record indicates a reasonable probability of a different result were the district court to re-sentence Smith under an advisory version of the guidelines. Thus, Smith cannot meet his burden to show prejudice under the third prong of plain-error analysis, and we affirm.

**AFFIRMED.**