[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14089
Non-Argument Calendar

_____

D. C. Docket No. 03-14007-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH FRANK CANTU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 30, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Joseph Frank Cantu appeals his conviction and sentence for

conspiracy to manufacture five grams or more of methamphetamine, in violation of

21 U.S.C. § 846. In connection with a 28 U.S.C. § 2255 motion to vacate, the district court found that Cantu's attorney at his first sentencing hearing in 2003 did not file a timely notice of appeal as Cantu had requested. Thus, the district court vacated his sentence and, during a second sentencing hearing, re-imposed the same sentence to provide Cantu the opportunity to file a direct appeal. On appeal, Cantu argues that the district court erred under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), in sentencing him at his second sentencing hearing to the sentence previously imposed on him because, at his first hearing, the district court did not consider the Guidelines as advisory. Cantu also argues that he was denied the effective assistance of counsel at various stages in his criminal proceeding.

## *Booker Challenge*

In *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), we explained the procedure for district courts to follow when granting a § 2255 motion based on counsel's failure to file a direct appeal:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by [Fed.R.App.P.] 4(b)(1)(A)(i).

In this case, the district court determined that Cantu should be permitted another opportunity to file a notice of appeal of his sentence because his attorney earlier failed to file a timely notice of appeal after being requested to do so.  The court followed the procedure outlined in *Phillips* and held a second sentencing hearing for Cantu in 2005, in which the court re-imposed the same sentence on him. Because the district court expressed that it was limited in its power on resentencing and re-imposed the same sentence previously given to Cantu in 2003 for the sole purpose of allowing him to file a timely notice of appeal, we consider Cantu's sentence as being imposed before *Booker* and analyze his claims on appeal accordingly.

Because Cantu did not raise a *Booker* claim at his sentencing hearings, we review his claim for plain error only.  *See United States v. Dowling*, 403 F.3d 1242, 1246-47 (11th Cir.), *cert. denied*, 126 S. Ct. 462 (2005).  Under a plain error analysis, a defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights."  *Id.* at 1247 (quotations omitted).  If the defendant is able to make a showing of all three conditions, we then may exercise our discretion to notice the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (quotations omitted).  We have held that, in the context of *Booker* error, the plain error test is satisfied only when the defendant

3

can show that "'there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion . . . .'" *Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.), *cert. denied* 125 S. Ct. 2935 (2005)); *see also United States v. Fields*, 408 F.3d 1356, 1360-61 (11th Cir.) (explaining that a sentence at the low end of the Guidelines range does not necessarily indicate that the district court would have sentenced the defendant outside of the Guidelines if the court considered the Guidelines as advisory), *cert. denied*, 126 S. Ct. 221 (2005).

In *Booker*, the Supreme Court concluded that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *Booker*, 543 U.S. at 231-35, 125 S. Ct. at 749-51. The Supreme Court explained that, to preserve Congress's intent in enacting the Sentencing Reform Act of 1984, two specific sections of the Act must be excised – 18 U.S.C. § 3553(b)(1) (requiring a sentence within the Guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including *de novo* review of departures from the applicable Guideline range) – thereby effectively rendering the Guidelines advisory only. *Id.* at 259, 125 S. Ct. at 764. Based on the Supreme Court's holding in *Booker*, we have stated that statutory error occurs when a defendant is sentenced under a mandatory

4

Guidelines system. *See United States v. Shelton*, 400 F.3d 1325, 1329-31 (11th Cir. 2005).

The district court committed only statutory error under *Booker* in sentencing him. Cantu was sentenced to the highest point of his applicable Guideline range, and there is no indication from the record of his first sentencing hearing that the district court would have considered a sentence below his applicable Guideline range. Therefore, since the record does not show a reasonable probability that the district court would have imposed a lesser sentence on Cantu had the Guidelines been advisory, Cantu's substantial rights were not affected by the court's treatment of the Guidelines as mandatory, and the district court did not commit plain error. *See Dowling*, 403 F.3d at 1247; *Fields*, 408 F.3d at 1360-61. Accordingly, we affirm Cantu's conviction and sentence.

***Ineffective Assistance of Counsel***

"[A] claim of ineffective assistance of counsel may not be raised on direct appeal where the claim has not been heard by the district court nor a factual record developed." *United States v. Khoury*, 901 F.2d 948, 969 (11th Cir. 1990), *modified on other grounds by*, 910 F.2d 713 (11th Cir. 1990). The Supreme Court has reasoned:

> [w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not

developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. . . . The evidence introduced at trial. . . will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the *Strickland [v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674 (1984)] analysis.

*Massaro v. United States*, 538 U.S. 500, 504-505, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003). Therefore, we will consider an ineffective assistance claim on direct appeal only if the record is sufficiently developed. *See United States v. Perez-Tosta*, 36 F.3d 1552, 1563 (11th Cir. 1994) ("It is settled law in this circuit that a claim of ineffective assistance of counsel cannot be considered on direct appeal if the claims were not first raised before the district court and if there has been no opportunity to develop a record of evidence relevant to the merits of the claim."). The ineffective assistance claims may be pursued in a 28 U.S.C. § 2255 proceeding. *Id.*

In this case, when the district court granted Cantu's § 2255 motion with respect to his claim of ineffective assistance of counsel for failing to file a notice of appeal, the court ordered that the other claims presented in Cantu's § 2255 motion be dismissed without prejudice. We decline to address Cantu's remaining ineffective assistance of counsel claims because the record is not sufficiently developed with respect to these claims. *See Khoury*, 901 F.2d at 969.

6

Accordingly, we dismiss the appeal as to this issue.

**Conviction and Sentence AFFIRMED; DISMISS in part.**