[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14837
Non-Argument Calendar

_____

D. C. Docket No. 02-80051-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD JOHNSON,
a.k.a. Baldhead,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 19, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Harold Johnson appeals his 262-month sentence re-imposed after he pled

guilty to a drug conspiracy charge in violation of 21 U.S.C. §§ 841(a)(1), 846, and was allowed to file an out-of-time appeal by the district court. He was originally sentenced in 2003, prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 261 (2005), which rendered the federal sentencing guidelines advisory. However, his counsel never appealed his sentence and, in 2004, Johnson filed a pro se motion to vacate, correct, or set aside a sentence pursuant to 28 U.S.C. § 2255, contending that his counsel was ineffective for failing to file a requested direct appeal. In March 2005, after the Booker decision, the district court granted Johnson's § 2255 claim that his counsel was ineffective for failing to file an appeal and vacated his original criminal judgment in order for him to file an out-of-time direct appeal. The district court also, in accordance with the procedure set forth in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), resentenced Johnson to the same 262-month sentence. At his resentencing hearing, Johnson requested that he be sentenced in accordance with Booker, but the district court refused his request because it would have been in violation of the procedure set forth in Phillips.

In his belated direct appeal, Johnson makes three challenges to his sentence: (1) the district court plainly erred under Booker, and this error affected his substantial rights such that he is entitled to resentencing; (2) the district court erred

in assessing him a two-level enhancement for possession of a firearm during the commission of his offense, pursuant to U.S.S.G. § 2D1.1(b)(1); and (3) his 262-month sentence is unreasonable. The government concedes that the district court plainly erred under Booker, but contends that Johnson's reasonableness argument is not yet ripe for review.

First, upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error as to the enhancement for possession of a firearm during the commission of his offense. One of Johnson's co-conspirators obtained the firearm from a residence located on 21st Street after he had asked Johnson for a firearm and been directed to go there by him. Thus, the district court did not clearly err by finding that Johnson jointly supplied the firearm with another resident of the 21st Street residence and aided and abetted in supplying the firearm to his co-conspirator. See United States v. Crawford, 906 F.2d 1531, 1536 (11th Cir. 1990) (recognizing that "there may be joint possession of a firearm"). Even though Johnson did not actually hand the firearm to his co-conspirator, he clearly aided in supplying it to him based on his phone conversation with the co-conspirator and the co-conspirator's subsequent retrieval of the gun as instructed. Moreover, Johnson had conducted numerous drug transactions with his co-conspirator from this residence so was thus clearly associated with the residence

3

even if he was not actually there when his co-conspirator retrieved the firearm from the table. Furthermore, the conduct was relevant to the drug conspiracy because the gun was obtained as part of clearing the drugs out of another residence after an attempted home invasion. Since the district court did not clearly err in applying the firearm enhancement, we affirm as to this issue.[1]

Once the guidelines have been calculated correctly, however, the district court "may impose a more severe or more lenient sentence" that we review for reasonableness. United States v. Crawford, 407 F.3d 1174, 1178-79 (11th Cir. 2005). As the Government concedes, the district court in this case plainly erred by imposing the guideline sentence as mandatory, rather than advisory. Thus, we we vacate his sentence and remand to the district court for resentencing in compliance with Booker.

We agree with the Government that Johnson's claim of an unreasonable sentence is not ripe for review. After Booker, we review sentences for reasonableness, but Johnson has not yet been sentenced in compliance with Booker so any evaluation of the reasonableness of his current sentence would be speculation about what the district court might do on resentencing. Thus, we

---

[1] We note that, even if the district court had erroneously applied the firearm enhancement to Johnson, it would not impact his guideline range because his base offense level was driven by his status as a career offender, a status that Johnson did not contest, and in fact, conceded.

dismiss his appeal in this regard.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART, AND DISMISSED IN PART.**