[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16589
Non-Argument Calendar
_____

D. C. Docket No. 02-00345-CR-UWC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO ZAVALA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 29, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Arturo Zavala appeals his 262-month sentence for conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On appeal, Zavala argues that the district court plainly erred in sentencing him under a mandatory Sentencing Guidelines scheme, where the court acknowledged that the sentence was too long. For the reasons discussed more fully below, we vacate Zavala's sentence and remand to the district court for further proceedings.

In January 2003, Zavala pled guilty to the above-mentioned offense. At sentencing, the district court found that Zavala's offense level was 39, his criminal history category was I, and his resulting guideline range was 262 to 327 months' imprisonment. Thereafter, the court stated to Zavala that "[t]he sentence that I'm going to have to impose on you, I think, is too long. But I don't have any discretion in that matter." The court then sentenced Zavala to 262 months' imprisonment.

In November 2003, Zavala timely appealed his conviction and sentence. However, we dismissed for want of persecution because Zavala failed to timely file an appellate brief and record excerpts. In July 2005, Zavala filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The magistrate judge recommended granting the § 2255 motion as to Zavala's claim

2

that his counsel was ineffective for failing to pursue his direct appeal. The magistrate also recommended that Zavala be appointed counsel, resentenced in accordance with United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)[1], and permitted to take an out-of-time appeal. The district court adopted and affirmed the magistrate's recommendation.

At resentencing, the court acknowledged that, when it initially sentenced Zavala, it believed that the sentence was unfair and too high, but that it had no discretion in the matter at that time. The court further acknowledged that it now had discretion in sentencing, but because of the procedural posture of Zavala's case, in that he was being resentenced under Phillips and was required to received the same sentence as he received initially, the court stated that it could only reinstate the previous sentence. The court also indicated that, upon remand from this Court, it intended "to sentence him to a significantly lesser term . . . than he

---

[1]In Phillips, this Court held that:

When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days . . . .

Phillips, 225 F.3d at 1201.

was initially sentenced." The court thus sentenced Zavala to 262 months' imprisonment.

On appeal, Zavala argues, and the government agrees, that the district court plainly erred in imposing the sentence. Zavala did not raise this claim before the district court and, thus, we will review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, there must be (1) an error, (2) that is plain, and (3) affects substantial rights. Id. When these three factors are met, we may then exercise our discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id.

Zavala was sentenced under the pre-Booker[2] mandatory Guidelines scheme. Under Booker, "error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005). Here, error existed because the district court clearly applied the Guideline in a mandatory fashion. The error was plain because, as we concluded in Shelton, "Booker made plain the district court's error in sentencing [a defendant] under a mandatory Guidelines scheme that is now advisory." Shelton, 400 F.3d at 1331. Thus, Zavala's case meets the first two

---

[2]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)

prongs of plain error review.

Under the third prong, Zavala must demonstrate that the error affected his substantial rights. "[I]n post-Booker sentencing cases, in applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Shelton, 400 F.3d at 1332 (quotation omitted). "A reasonable probability of a different result means a probability sufficient to undermine confidence in the outcome." Id. (quotation omitted). Review of the record in Zavala's case indicates that the court would have imposed a lower sentence had it not felt bound by the Guidelines. First, the court expressed an opinion that it believed the sentence was "too long." Moreover, the court ultimately sentenced Zavala to the lowest sentence allowable under his Guideline range. Additionally, at resentencing, the court again acknowledged that it believed the sentence was "unfair" and that, upon remand from this Court, it intended to sentence him to a lesser sentence than was initially imposed. Therefore, Zavala established that the error affected his substantial rights because, had he been sentenced under an advisory Guidelines scheme, there is a reasonable probability that he would have received a lesser sentence.

Finally, Zavala also has met the fourth prong of plain error review. The

5

court expressed a clear desire to impose a lesser sentence than the mandatory Guidelines permitted, and, since Zavala's initial sentencing, the Supreme Court has said that such a consideration of the Guidelines as advisory is permissible. See Shelton, 400 F.3d at 1333-34 (holding that, under similar circumstances, the defendant had established plain error that affected the fairness, integrity, or public reputation of the proceedings). Under these circumstances, Zavala has demonstrated plain error by the district court and that the error seriously affected the fairness, integrity, or public reputation of his judicial proceedings. Accordingly, we vacate Zavala's sentence and remand to the district court for resentencing consistent with Booker.

**VACATED AND REMANDED.**