[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 18, 2009
THOMAS K. KAHN
CLERK

No. 07-14079
Non-Argument Calendar

_____

D. C. Docket No. 90-00950-CR-WMH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON MANTECON-ZAYAS,
a.k.a. Nelsito,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 18, 2009)**

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

Nelson Mantecon-Zayas appeals his 240-month sentence imposed for one count of conspiracy to import marijuana and two counts of attempt to import cocaine, all in violation of 21 U.S.C. § 963. Mantecon-Zayas argues that the district court committed harmful Booker[1] error.[2] For the reasons set forth below, we vacate and remand for re-sentencing.[3]

## I.

In a presentence investigation report ("PSI"), a probation officer outlined the drug importation activities for which Mantecon-Zayas was charged and other activities learned by the government before and during trial. The probation officer used the drug amounts associated with this offense conduct and (1) set Mantecon-Zayas's base offense level at 40, pursuant to U.S.S.G. § 2D1.4, because he was responsible for 162,404 kilograms of marijuana; (2) applied a 4-level

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[2] Mantecon-Zayas also argues that the district court erred in sentencing him when he was not present and in failing to verify that he had reviewed the presentence investigation report ("PSI"). Because we must vacate and remand on the Booker issue, however, we need not address these arguments.

[3] We note that the district court originally sentenced Mantecon-Zayas in 1993. However, pursuant to a granted 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, the district court vacated Mantecon-Zayas's original sentence and imposed an identical sentence, on August 29, 2007. The purpose of the amended judgment was to allow Mantecon-Zayas to file a technically out-of-time direct appeal, under United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2005). Accordingly, the instant notice of appeal, filed on August 30, 2007, was timely, and we have jurisdiction.

enhancement, pursuant to U.S.S.G. § 3B1.1, because Mantecon-Zayas was an organizer and leader of the conspiracy; (3) set Mantecon-Zayas's criminal history category at II; and (4) determined that, given these calculations, Mantecon-Zayas's guideline imprisonment range was life.  Mantecon-Zayas objected to, <u>inter alia</u>, (1) the calculation of the drug amount for which he was responsible; (2) the calculation of his criminal history category; (3) the consideration of Fed.R.Evid. 404(b) evidence learned before and during trial, and (4) the refusal to grant a downward departure based on Mantecon-Zayas's substantial assistance.

At a sentencing hearing, Mantecon-Zayas argued, with regard to his Rule 404(b) objection, that the activities were not charged or proven beyond a reasonable doubt and that the Supreme Court repeatedly had held that a sentencing court should not use such uncharged, unproven evidence.  Mantecon-Zayas also objected to receiving a four-level role enhancement.  The district court (1) sustained the criminal-history-category objection, reasoning that the appropriate category was I; (2) overruled the Rule 404(b) objection, reasoning that the amounts of drugs associated with the charged drug-importation activities were sufficient to support the base offense level; (3) denied the downward-departure request, reasoning that government had not filed a U.S.S.G. § 5K1.1 motion; and (4) sustained the role-enhancement objection, reasoning that, though there was

3

evidence that Mantecon-Zayas organized the conspiracy, there also was evidence that Mantecon-Zayas played a lesser role and the sentences contemplated already were large. The district court acknowledged that sustaining the criminal-history-category objection was a "stretch," but stated that it believed the "mild stretch" was warranted because it was "bother[ed]" that Mantecon-Zayas was subject to approximately 25 years' or more imprisonment while one of his co-conspirators only was subject to less than half that term of imprisonment.

The district court determined that, given its rulings, Mantecon-Zayas's base offense level was 40, criminal history category was I, and guideline imprisonment range was 292 to 365 months. The district court sentenced Mantecon-Zayas to 300 months' imprisonment. The district court indicated that, while another district court might sentence Mantecon-Zayas to a harsher sentence given the amount of cocaine involved in the offense, it "[did not] believe in burying someone" and was influenced to be lenient by Mantecon-Zayas's age and family. The district court also indicated that it would not be too lenient because it recognized that whether Mantecon-Zayas deserved a harsh or lenient sentence could be "argued both ways." Pursuant to Mantecon-Zayas's motion to modify his sentence under 18 U.S.C. § 3582(c)(2) in 1997, the district court re-sentenced Mantecon-Zayas to 240 months' imprisonment.

4

## II.

In Booker, decided in January 2005, the Supreme Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 243-44, 125 S.Ct. at 755-56. The Supreme Court also determined that the then-mandatory nature of the Guidelines implicated the Sixth Amendment right to a jury trial and excised those provisions of the Sentencing Reform Act that made the Guidelines mandatory and binding on federal courts and held that courts of appeals must review sentences for "unreasonableness." Id. at 244-245, 259, 125 S.Ct. at 756-57, 764.

Under Booker, there are two types of error that a district court might commit in sentencing a defendant: constitutional and statutory. United States v. Lee, 427 F.3d 881, 891 (11th Cir. 2005). A constitutional Booker error under the Sixth Amendment "occurs when extra-verdict enhancements are used to reach a result under [the Guidelines] that is binding on the sentencing judge." Id. A statutory Booker error "consists in sentencing a defendant under the Guidelines as if they were mandatory and not advisory, even in the absence of a Sixth Amendment violation." Id.

A defendant who wishes to argue that a district court committed a Booker error may preserve such an argument in a number of ways.  See United States v. Munoz, 430 F.3d 1357, 1374 (11th Cir. 2005).  For example, a defendant successfully preserves a Booker claim when he objects before the district court that a fact relevant to a sentencing enhancement "should go to the jury" or be proven beyond a reasonable doubt.  United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005).

When the defendant successfully preserves the issue, we review the Booker claim under a harmless error standard.  United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005).  There are two applicable harmless error standards: one standard that applies to constitutional Booker errors and one standard that applies to statutory Booker errors.  Id.  A constitutional Booker error is harmless if the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence. A statutory Booker error is harmless if we determine that, viewing the proceedings in their entirety, the error did not affect or had a very slight effect on the defendant's sentence.  Id.

## III.

The district court committed a Booker error that affected Mantecon-Zayas's sentence.  See Lee, 427 F.3d at 891; Mathenia, 409 F.3d at 1291-92.  First, the

6

district court committed at least statutory <u>Booker</u> error, as it sentenced Mantecon-Zayas before the Guidelines were rendered advisory only. See <u>Booker</u>, 543 U.S. at 244-245, 259, 125 S.Ct. at 756-57, 764; <u>Lee</u>, 427 F.3d at 891. It is not clear if the district court also committed constitutional <u>Booker</u> error. We need not determine, however, if the district court committed a Sixth Amendment violation because Mantecon-Zayas merits relief based on the statutory <u>Booker</u> error alone, as discussed below.

Also, Mantecon-Zayas preserved the <u>Booker</u>-error claim, as he argued at sentencing that the extra-verdict activities were not charged or proven beyond a reasonable doubt and, therefore, should not be used in determining his sentence. See <u>Munoz</u>, 430 F.3d at 1347; <u>Dowling</u>, 403 F.3d at 1245.

Furthermore, this statutory <u>Booker</u> error does not pass harmless error review, since the record viewed as a whole does not suggest that it did not affect or had a very slight effect on Mantecon-Zayas's sentence, as the district court indicated some desire to impose a sentence lower than the guideline imprisonment range. See <u>Mathenia</u>, 409 F.3d at 1291-92. Specifically, the district court sustained the role-enhancement objection, although it was a "stretch" to do so, in part because it believed that Mantecon-Zayas's sentence already was large enough and in part because it was bothered that Mantecon-Zayas's guideline imprisonment

7

range was higher than that of a codefendant. The district court thereby indicated that it did not believe that a Guideline sentence was entirely appropriate for the circumstances presented. Therefore, because the district court committed a harmful <u>Booker</u> error, we vacate the sentence imposed and remand for re-sentencing under an advisory Guidelines scheme. [4]

**VACATED and REMANDED.**

---

[4]The government agrees that Mantecon-Zayas should be resentenced and we appreciate such candor.