[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2010
JOHN LEY
CLERK

_____

No. 09-13777

_____

D. C. Docket No. 02-00204-CV-OC-10-GRJ

SHOLAM WEISS,

Petitioner-Appellant,

versus

STAN YATES,
Warden, FCC Coleman,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 20, 2010)

Before BIRCH and BARKETT, Circuit Judges, and BUCKLEW,[*] District Judge.

_____

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

In 1999, Sholam Weiss was convicted of racketeering, money laundering, fraud and other offenses arising out of the failure of the National Heritage Life Insurance Company. Before the jury concluded its deliberations, Weiss fled the country. He was found guilty of the 78 counts charged, and was sentenced with only his lawyer present, in 2000, to 845 years in prison.[1] In Weiss's absence, his counsel filed an appeal. However, under the fugitive disentitlement doctrine, which permits courts to dismiss a fugitive's appeal and refuse to reinstate it after post-sentencing recapture, Ortega-Rodriguez v. United States, 507 U.S. 234, 239-42 (1993), Weiss's appeal was dismissed. Eventually Weiss was arrested in Austria, and extensive and lengthy proceedings ensued pertaining to the request by the United States to extradite Weiss.[2] Ultimately, Weiss was extradited with the condition that his sentence for Count 93 would not be enforced.

Upon his return to the United States, Weiss filed a Petition pursuant to 28 U.S.C. § 2241, which is the subject of this appeal. In that Petition, Weiss argues

---

[1] At the time of sentencing, the Guidelines were mandatory, and the sentences for each count were imposed according to the mandatory guidelines. Under the terms of the district court order at issue in this case, the sentence has been reduced to 835 years imprisonment.

[2] These proceedings included the exchange of many communications between the United States and Austria, various actions by the Executive branch of the Austrian government, lawsuits filed by Weiss in various Austrian courts and in the European Court of Human Rights, some of which were later dismissed by Weiss.

that the United States deliberately misled Austrian authorities to believe that, in addition to vacating the sentence on Count 93, Weiss would be re-sentenced and permitted a full appeal of his criminal conviction and new sentence. Weiss argues that, by not giving him a full re-sentencing and appeal, the United States deceived Austria into extraditing him and violated the terms of the extradition. This deception, Weiss argues, violates the "rule of specialty," which limits a requesting state's prosecution or punishment of the extradited person to the specific terms of the extradition. United States v. Rauscher, 119 U.S. 407 (1886); United States v. Puentes, 50 F.3d 1567 (11th Cir. 1995); Gallo-Chamorro v. United States, 233 F.3d 1298 (11th Cir. 2000).

The district court held that the rule of specialty required vacating Count 93 and that the resulting re-entry of judgment would permit Weiss to appeal his new sentence and original conviction. United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000) (establishing procedure for vacating judgment and reimposing sentence in a 28 U.S.C. § 2255 proceeding to provide defendant with right to an out-of-time appeal). Specifically, the district court found that the communications by the United States required only the elimination of Count 93 and a full appeal of his conviction and the new sentence without Count 93. This, the district court found,

3

would fulfill the obligations of the United States under the rule of specialty.[3]

The government did not cross-appeal the district court order and, at oral argument, represented to us that it does not and will not oppose granting Weiss a full appeal of his conviction and the recalculated sentence without Count 93. Assuming the communications constitute conditions under the rule of specialty, the government argues that the district court did not err in finding that the communications do not require a full re-sentencing on all counts but, rather, require only the elimination of the sentence for Count 93.[4]

Having reviewed the communications at issue, we find no clear error in the district court's determination that the representations made by the United States to Austria called only for the elimination of the sentence for Count 93, the recalculation of his sentence without that count, and the resulting opportunity for a full appeal of his conviction and sentence. We note that the appeal of Weiss's conviction and re-sentencing has been docketed in this court and stayed pending

---

[3] Weiss argues that the district court did not have the authority to vacate his prior sentence and judgment, re-sentence him, and enter that sentence as the new judgment because such a remedy is available only under § 2255. Therefore, Weiss reasons, the only remedy available is his release from custody. At one juncture, the district court did consider construing this petition under § 2255 rather than § 2241. Whether construed under § 2255 or § 2241, the district court had jurisdiction to issue the relief it did given the unique facts of this case. Phillips, 225 F.3d 1198.

[4] The government also argues that its letters do not constitute a condition under the rule of specialty. For the reasons outlined above, we need not address this contention.

the resolution of this case. Having resolved the district court's authority to provide for re-sentencing and a full appeal of his conviction and sentence without Count 93, Case No. 09-13778 can now proceed.

AFFIRMED.