[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16208
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00091-WTM-GRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD BERNARD DATTS,
a.k.a. Anthony D. Jones,
a.k.a. Terry Brisbane,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 16, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Gerald Datts appeals his conviction and sentence for being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Datts had filed a pro se notice of appeal, which we dismissed for want of prosecution.   He then filed a 28 U.S.C. § 2255 motion, arguing that his right to appeal was denied because his retained attorney, Nicholas Pagano, was ineffective in failing to notify Datts of the deficiencies in his appeal that caused the appeal to be dismissed.  The district court granted Datts's § 2255 motion on the failure-to-appeal claim, but denied his other § 2255 claims as premature.  Based on the granting of the failure-to-appeal claim, and pursuant to United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), the district court then vacated Datts's sentence, re-imposed the identical sentence, and directed Datts's newly appointed counsel to file a notice of appeal.  In this appeal, Datts, through counsel, argues that his sentence violated his Sixth Amendment right to effective assistance of counsel because Pagano's trial preparation was unreasonably deficient.  He asserts that Pagano was ineffective because he did not (1) subpoena alibi witnesses; (2) read the jury charges; or (3) stipulate to Datts's prior criminal charges.  After thorough review, we affirm.

We generally will not review a claim of ineffective assistance of counsel on direct appeal when the claim has not been heard by the district court, nor a factual record developed.  United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010).  The preferred vehicle for deciding a claim of ineffective assistance is

2

through a 28 U.S.C. § 2255 motion, even if the record contains some indications that counsel's performance was deficient. Id.

Here, the factual record is insufficient to determine whether Pagano was ineffective in preparing for trial. See id. It is unclear what efforts Pagano made to secure witnesses, and what he knew regarding the jury instructions. Pagano's affidavit to the court only concerned his reasons for not filing an appeal on Datts's behalf, and did not discuss his trial strategy. Because the record was not fully developed in the district court, Datts's claim is more appropriate in a 28 U.S.C. § 2255 motion. See id.

**AFFIRMED.**