[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14927
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20305-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRIN MACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 15, 2015)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Derrin Dion Mack pled guilty to one count of attempting to violate the Hobbs Act, 18 U.S.C. § 1951(a), and one count of brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced him to 15 months' imprisonment on the attempted Hobbs Act count and 84 months' imprisonment on the § 924(c)(1)(A) count, with the sentences to run consecutively.  On appeal, Mr. Mack challenges the constitutionality of the Hobbs Act as applied to his offense as well as the procedural and substantive reasonableness of his sentence.  After careful consideration, we affirm the judgment of the district court.

I.

Mr. Mack worked at a Little Caesar's Pizza restaurant in Miami, Florida. On the morning of August 28, 2011, as Mr. Mack was opening the restaurant with a manager, Rasad Davis entered the restaurant and held the manager at gunpoint. Mr. Davis made the manager and Mr. Mack lie on the ground and then instructed the manager to open the restaurant's safes.  The manager tried to open the safes, but explained that because the safes were on a ten-minute delay, they would not open immediately.  Upon hearing the click of a firearm, Mr. Mack confirmed to Mr. Davis that there was a delay on the safes.  In the meantime, an anonymous caller had reported the robbery to 911.  Upon seeing police arrive, Mr. Davis fled the restaurant before the safes had opened and was apprehended.

Police interviewed Mr. Mack as a part of their investigation of the attempted robbery. Mr. Mack confessed that he had planned the robbery with Mr. Davis and shared with him information about the restaurant, including the location of the safes and that there would be approximately $1,500 in the safes. Mr. Mack also admitted that he told Mr. Davis where to stand when approaching the manager and conducting the robbery. Mr. Mack was to receive $600 for his assistance in planning and executing the robbery.

Pursuant to a plea agreement, Mr. Mack pled guilty to attempting to commit a Hobbs Act robbery and to brandishing a firearm during a crime of violence. The brandishing-a-firearm count carried a seven year mandatory minimum sentence to run consecutively to any other sentence. *See* 18 U.S.C. § 924(c)(1)(A)(ii). In the plea agreement, the government agreed to recommend a term of imprisonment of seven years and one day. Under this recommendation, Mr. Mack would serve seven years for brandishing a firearm during a crime of violence and one day for attempting to commit a Hobbs Act robbery. Mr. Mack acknowledged in the plea agreement, however, that this recommendation did not bind the district court.

At sentencing, the district court calculated Mr. Mack's guideline range for attempting to commit a Hobbs Act robbery as 24 to 30 months. The district court then considered whether to grant the variance recommended by the government pursuant to the plea agreement and impose a one-day sentence for this count. The

3

district court determined that the variance was inappropriate and instead imposed a 15 month sentence for the attempted Hobbs Act robbery, which would run consecutively to the 84 month sentence for brandishing a firearm during a crime of violence.  Mr. Mack's total sentence was 99 months, to which he did not object at sentencing.

Mr. Mack's counsel did not timely appeal his sentence.  Mr. Mack subsequently sought relief *pro se* under 28 U.S.C. § 2225 because he had wanted to appeal his sentence despite his counsel's failure to do so.  Finding Mr. Mack's counsel rendered ineffective assistance in failing to file a requested direct appeal, the district court granted in part Mr. Mack's petition so that he could file a direct appeal pursuant to the procedure set forth in *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000).[1]  After vacating its judgment, the district court resentenced Mr. Mack and imposed the same sentence.  At the resentencing, Mr. Mack objected that at the prior sentencing, the district court had failed to consider fully the § 3553 factors and erred in applying and calculating the guidelines range.  Mr. Mack filed a timely appeal.

## II.

---

[1] Under *Phillips*, when a district court concludes that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, the district court must vacate the criminal judgment, convene a resentencing and impose the same sentence, advise the defendant of all the rights associated with an appeal from any criminal sentence, and notify the defendant of the deadline for filing an appeal from the reimposed sentence.  225 F.3d at 1201.

Mr. Mack argues that his conviction for an attempted Hobbs Act robbery was an unconstitutional application of the Commerce Clause because the robbery did not have a sufficient connection to interstate commerce.  Because Mr. Mack challenges the constitutionality of the Hobbs Act as applied in his case for the first time on appeal, our review is for plain error.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).  An error is plain if it is clear or obvious. *United States v. Olano*, 507 U.S. 725, 734 (1993).  We have explained that "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (internal quotation marks omitted).

The Hobbs Act makes it a federal crime to obstruct, delay, or affect interstate commerce by robbery, or to attempt or conspire to do so.  18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery . . . or attempts or conspires so to do . . . shall be . . . imprisoned . . . .").  To obtain a conviction for an attempted Hobbs Act robbery, the

government must show that (1) the defendant attempted a robbery and (2) the robbery affected interstate commerce. *Id.*

To show that a defendant affected commerce, the government only needs to show a "minimal effect on interstate commerce." *United States v. Ransfer*, 749 F.3d 914, 936 (11th Cir. 2014) (internal quotation marks omitted). "A mere depletion of assets is sufficient" to meet the minimal effects test. *United States v. Dean*, 517 F.3d 1224, 1228 (11th Cir. 2008). Thus, we have held that there was a minimal effect on interstate commerce when a store regularly purchased goods that had travelled in interstate commerce, was robbed, and was closed for a few hours as a result of the robbery. *Ransfer*, 749 F.3d at 936. There was also a minimal effect on interstate commerce when a store that had branches in other states and was open to out-of-state customers was robbed. *Dean*, 517 F.3d at 1228. When a defendant is charged with an *attempt* to violate the Hobbs Act, "the interstate nexus may be demonstrated by evidence of potential impact on interstate commerce or by evidence of actual, de minimis impact." *United States v. Kaplan*, 171 F.3d 1351, 1354 (11th Cir. 1999) (en banc) (internal quotation marks omitted).

Here, we find no plain error. Because the attempted robbery had the potential to impact interstate commerce, there was an interstate nexus. If the robbery had been successful, Mr. Mack and Mr. Davis would have stolen money from a restaurant that was part of a national chain and regularly purchased goods

6

that travelled in interstate commerce.  In other words, the robbery had the potential

to cause a depletion of assets, and we conclude that this offense is analogous to

other robberies that satisfied the minimal effects test under our case law.  *See*

*Ransfer*, 749 F.3d at 936; *Dean*, 517 F.3d at 1228.  Indeed, Mr. Mack does not

argue that his offense is distinct from those we have held to violate the Hobbs Act;

rather, he argues that we have unconstitutionally broadened the Act's application,

such that we should divert from our precedent in his case.  But absent direction

from the Supreme Court or this Court sitting en banc, we are bound by our own

precedent.  *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

In any event, even if Mr. Mack could show that the attempted robbery did

not have the potential to minimally affect interstate commerce, he could not show

plain error because there is no case from the Supreme Court or this Court directly

resolving the issue in his favor.  Without contravening authority, any error cannot

be plain.  *Chau*, 426 F.3d at 1322.

### III.

Mr. Mack also challenges the procedural and substantive reasonableness of

his sentence.  We review the reasonableness of a sentence under an abuse of

discretion standard.  *United States v. Dupreval*, 777 F.3d 1324, 1331 (11th Cir.

2015).  But when a defendant objects to the procedural reasonableness of his

sentence for the first time on appeal, we review for plain error.  *United States v.*

7

*Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).   We have not previously addressed in a published opinion whether when a defendant objects to the procedural reasonableness of his sentence for the first time at a *Philips* hearing, an abuse of discretion or plain error standard applies.  But we need not resolve that question today because Mr. Mack has failed to meet either standard.

The reasonableness of a sentence generally is reviewed through a two-step process.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  The first step is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).  In its application of the § 3553(a) factors, the district court need not explicitly discuss on the record each factor, or state on the record that it has considered each factor; rather, it is "sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

If we conclude the sentence was procedurally reasonable, we will review the sentence for substantive reasonableness.  *Pugh*, 515 F.3d at 1190.  When reviewing a sentence for substantive reasonableness, we "take into account the totality of the

circumstances, including the extent of any variance from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).  We will overturn a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment" by imposing a sentence "that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

A district court's sentence is unreasonable when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors" by balancing them unreasonably. *Id.* at 1189 (internal quotation marks omitted).   When a district court imposes a sentence outside the guidelines range, we must give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  *Gall*, 552 U.S. at 51.  And, of course, we must keep in mind that "[t]he fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Id.*

Here, Mr. Mack challenges the district court's imposition of a 15-month sentence for the attempted Hobbs Act robbery.  The record shows that the sentence was procedurally reasonable.  The district court correctly calculated the guidelines range, appropriately considered the 18 U.S.C. § 3553(a) factors, and explained

9

how it was doing so.  Mr. Mack argues that the district court was required to explain why the government's recommended sentence would not reflect the considerations of the § 3553(a) factors, but we disagree.  Because the district court acknowledged that it considered Mr. Mack's arguments and the § 3553(a) factors, the sentence is procedurally reasonable.  *Sanchez*, 586 F.3d at 936.

We also reject Mr. Mack's argument that the sentence was substantively unreasonable.  The district court considered that Mr. Mack had no prior criminal history and the fact that when he heard Mr. Davis's gun click, Mr. Mack confirmed that the safes were on a timer, which may have kept Mr. Davis from shooting the restaurant's manager.  He also cooperated with authorities.  But the district court also considered aggravating factors related to the nature and circumstances of the offense and the history and characteristics of the defendant:  Mr. Mack provided Mr. Davis with the information necessary to rob the restaurant, including where the safes were located, the amount of money kept in the safes, and how Davis should approach the manager and conduct the robbery.  Considering this evidence, we are not left with a "definite and firm conviction that the district court committed a clear error of judgment"  when it varied downward from the guidelines range but imposed a sentence longer than one day for the attempted Hobbs Act violation. *Irey*, 612 F.3d at 1190.

IV.

We affirm the judgment of the district court.

**AFFIRMED.**