[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13099

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARRYL KENNEDY DAGGETT,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:19-cr-00146-JRH-BKE-1

_____

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Darryl Daggett appeals from his June 29, 2020, conviction and sentence. The government moves to dismiss this appeal as untimely and barred by an appeal waiver.

We GRANT the government's motion to dismiss and DISMISS this appeal as untimely. *See United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009) (holding that timeliness in a criminal case is not jurisdictional but must be enforced if the government raises it). Daggett had until July 13, 2020, to file a notice of appeal, but his notice is deemed filed on July 13, 2023, under the prison mailbox rule, so it is untimely. *See* Fed. R. App. P. 4(b)(1)(A)(i), (c)(1); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014). Daggett is not entitled to relief under Rule 4(b)(4) because he filed his notice of appeal more than 30 days after the appeal period expired. *See* Fed. R. App. P. 4(b)(4). And his contention that his counsel did not file a notice of appeal as directed is not a basis for deeming this appeal timely. *See id.*; *United States v. Phillips*, 225 F.3d 1198, 1199-1201 (11th Cir. 2000) (explaining that if a district court concludes that an out-of-time appeal from a criminal judgment is the proper remedy in 28 U.S.C. § 2255 proceedings, it should vacate the judgment and re-impose the sentence, creating a new appeal period). Because we dismiss this appeal on timeliness grounds, we do not address the merits of the government's argument regarding the appeal waiver.

23-13099               Opinion of the Court                    3

All other pending motions are DENIED AS MOOT.