[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15593
Non-Argument Calendar
_____

D. C. Docket No. 04-60106-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ATASHA J. DILLON,
a.k.a. Juliet Atasha Dillon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 26, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Atasha J. Dillon appeals her 70-month sentence for conspiracy to import

cocaine, in violation of 21 U.S.C. § 963 (2006). On appeal, Dillon challenges her sentence on two grounds: (1) it was clear error for the district court to fail to award her requested two-level minor role sentence reduction; and (2) her pre-United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), sentence was unreasonable under the factors enumerated in 18 U.S.C. § 3553(a). We find Dillon's arguments to be without merit and affirm the district court's sentence.

Appellant first argues that, in denying her a minor-role reduction, the district court never made factual findings establishing the relevant conduct for which she was found responsible, and this failure constituted clear error under our holding in United States v. Rodriguez De Varon, 175 F.3d 930, 945 (11th Cir. 1999) (en banc). Dillon did not object below to the district court's failure to make factual findings regarding her role in the relevant conduct, and therefore we review her claim of error, raised for the first time on appeal, for plain error. See United States v. Harness, 180 F.3d 1232, 1234 (11th Cir. 1999). To reverse under a "plain error" standard, we must conclude that (1) there is an error; (2) the error is plain; and (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless. United States v. Vance, 494 F.3d 985, 993 (11th Cir. 2007). We may correct a forfeited error, but only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Munoz,

430 F.3d 1357, 1375 (11th Cir. 2005) (internal quotations and citations omitted), cert. denied, 126 S. Ct. 2305 (2006).

When determining whether the defendant is entitled to a two-level minor role reduction, a district court first "must measure the defendant's role against the relevant conduct for which she was held accountable at sentencing . . . ." De Varon, 175 F.3d at 945. Second, the court "may also measure the defendant's role against the other participants . . . in that relevant conduct." Id. Where the district court's decision is supported by the record, and there are no unresolved factual disputes, "a simple statement of the district court's conclusion is sufficient." Id. at 939. Accordingly, we have held that "a district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." Id. at 940.

In deciding that Dillon's role precluded her from receiving a minor-role reduction, the district court complied with the procedural requirements of De Varon when it made the ultimate determination, based on facts admitted by Dillon, that "she did exactly what [the other participants] . . . did: she imported the cocaine," and concluded, "I don't think she meets the criteria for a minor role reduction." Because this determination was supported by the record, the district court committed no error, plain or otherwise, by failing to make specific findings

3

establishing her role in the relevant conduct since we do not require such findings under De Varon.

Dillon next argues that the district court committed substantive error in denying her a minor role reduction because her conduct was minor relative to the scope of the conspiracy and in comparison to her coconspirators. Specifically, she renews her objection to the presentence report and contends that the district court overlooked the following facts: (1) she was the only one who had no prior smuggling experience; (2) she was the only one who did not take the cruise, on which they smuggled the cocaine, with the intent to smuggle cocaine; (3) she did not learn of the importation scheme until she discovered she had been given cocaine; and (4) she was the only one who gave a truthful statement to law enforcement. Dillon asserts that this evidence established that she was less culpable than her coconspirators, and therefore should have been granted a two-level reduction.

A district court's determination of a defendant's role in the offense is reviewed for clear error. United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002). We have recognized that the district court enjoys considerable discretion in making this factual determination, and that the defendant bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. De

Varon, 175 F.3d at 938, 939. A defendant warrants a minor-role reduction if he is "less culpable than most other participants, but [his] role could not be described as minimal." U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.5 (2007). However, "a defendant is not automatically entitled to a minor role adjustment merely because she was somewhat less culpable than the other discernable participants." De Varon, 175 F.3d at 944.

Given that Dillon engaged in exactly the same conduct in furtherance of the conspiracy as her coconspirators, the district court's conclusion that Dillon was not less culpable than the other participants, and therefore was not a minor participant, was not clearly erroneous. Accordingly, the district court did not err in denying her motion for a minor role reduction.

Finally, Dillon argues that her sentence was unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors, in that her personal background, lack of criminal history, and cooperation with authorities warranted a lesser sentence. She also contends that she had been tricked and coerced into participating in the conspiracy, and her "limited" participation rendered her sentence unreasonable.

In this procedurally unusual case, Dillon's original 2004 sentence was entered prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), but was later vacated and reinstated under our decision

5

in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), in order to perfect this appeal. The purpose of the Phillips doctrine is to put a party back in the position she would have been had ineffective assistance of counsel not deprived her of an opportunity to file a timely appeal. See United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005) (discussing the summary nature of Phillips sentence reinstatement); McIver v. United States, 307 F.3d 1327, 1331 (11th Cir. 2002) (discussing purpose of 28 U.S.C. § 2255 remedy).

We need not and do not express an opinion about whether the post-Booker reinstated sentence should have been entered in light of the § 3553(a) factors, and note that there is no evidence in the record before us that Dillon made a challenge under Booker at the time of the original sentence on November 12, 1004, or the resentencing on September 28, 2006. Had Dillon timely appealed her November 12, 2004 sentence, the Supreme Court's decision in Booker, which was handed down on January 12, 2005, would have been announced during the pendency of the briefing schedule in that appeal. See Fed. R. App. P. 31(a) (setting an 84-day briefing schedule for appeals). This Court would have, then, reviewed for Booker error had the appeal been timely and had the argument not been waived. See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S. Ct. 708, 716 (1987) ("We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied

6

retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

Assuming <u>arguendo</u> that Dillon's pre-<u>Booker</u> sentence is subject to reasonableness review under the § 3553(a) factors, Dillon's failure to raise any § 3553(a) arguments below requires us to review Dillon's sentence for plain error.[1] Had Dillon filed a timely appeal of her 2004 sentence, the statutory <u>Booker</u> error–treating the Guidelines as mandatory–would have been made manifest during the appellate process.  Dillon would have been able, on a timely appeal, to satisfy the first two prongs of the plain error test: there was error and it was plain after the Supreme Court's decision in <u>Booker</u>.  However, Dillon fails to satisfy the third prong of the plain error test, and cannot, under our decision in <u>United States v. Rodriguez</u>, 398 F.3d 1291,1299-1306 (11th Cir. 2005), meet her burden to prove substantial prejudice.  "[W]here the effect of an error on the result in the district

---

[1] Dillon has not made a constitutional challenge to her pre-<u>Booker</u> sentence, and accordingly has waived this argument.  <u>See</u> <u>United States v. Dockery</u>, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (<u>Booker</u>-<u>Apprendi</u> issues and contentions not timely raised in an appellant's initial brief are deemed abandoned).  We additionally observe that Dillon expressly waived her right to raise constitutional challenges to her sentence at the time she executed her plea agreement.  Not only does the plea agreement reflect this waiver, but so too does Dillon's plea colloquy.  Nevertheless, we will assume without deciding that this waiver did not include a waiver of what we have referred to elsewhere as "[s]tatutory <u>Booker</u> error," whereby the court treats the Guidelines as mandatory instead of advisory.  <u>See</u> <u>United States v. Houston</u>, 456 F.3d 1328, 1339 (11th Cir. 2006).

7

court is uncertain or indeterminate–where we would have to speculate–the appellant has not met his burden of showing a reasonable probability that the result would have been different but for the error; he has not met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected." Rodriguez, 398 F.3d at 1301. There must be a "a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at 1300.

Here, Dillon fails to demonstrate with any reasonable probability how the court below might have applied the Guidelines in an advisory fashion. At sentencing, the court indicated that it would sentence Dillon at the bottom of the Guidelines range–but notably without a minor-role reduction–and expressed no desire to sentence below that range had it been available to the court. Cf. United States v. Shelton, 400 F.3d 1325, 1332 (11th Cir. 2005) (finding reasonable probability of prejudice when district court made several remarks on the record about the Guidelines range being too severe, sentenced defendant to the lowest possible range, and indicated that said sentence was "more than appropriate"). In this case, it would be nothing more than guesswork on our parts to discern any probability of a reduced sentence in a post-Booker context, and therefore we find Dillon has failed to demonstrate prejudice under our plain error review to entitle

her to a new sentencing hearing.

We find no plain error in the entry of Dillon's 2004 sentence and accordingly the sentence is

**AFFIRMED**.[2]

---

[2]Appellant's request for oral argument is denied.