[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12681
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00006-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT DANIEL SCHAEFER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 4, 2010)

Before BARKETT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Scott Daniel Schaefer pleaded guilty to possession of child pornography and

was sentenced to a 108-month term of imprisonment to be followed by three years of supervised release. Schaefer challenges his sentence on appeal. First, he argues that his sentence is substantively unreasonable. Second, he argues that he was denied the effective assistance of counsel. Because Schaefer has not demonstrated that his sentence was substantively unreasonable and he has not shown that he was prejudiced by his counsel's errors, we affirm his sentence.

## I. Background

Schaefer was indicted for receipt and possession of child pornography following a United States Postal Service sting operation. Schaefer agreed to plead guilty to possession of child pornography in exchange for the government moving to dismiss the remaining count of the indictment. The guidelines range for Schaefer's offense, based on the offense level and his criminal history, was 78 to 108 months. The district court sentenced Schaefer to a 108-month term of imprisonment and three years of supervised release.

After he was initially sentenced, Schaefer did not file an appeal. Seven months later, he wrote to the district judge, explaining that he had asked his attorney to file a notice of appeal, but his attorney had refused to do so. Schaefer was advised to file a motion under 28 U.S.C. § 2255, which he did. The district court then granted the motion and eventually resentenced Schaefer according to

the procedure set forth in *United States v. Phillips*, 225 F.3d 1198 (11th Cir.

2000).  Schaefer now appeals his sentence.

## II.  Sentencing Issues

Schaefer first argues that his sentence is substantively unreasonable because

it does not achieve the purposes of 18 U.S.C. § 3553(a).  Specifically, Schaefer

contends that his sentence is unreasonable because (1) the trial judge placed undue

emphasis on his "relatively minor criminal record;" (2) there is no evidence that he

will engage in further criminal conduct; (3) a shorter sentence would still have had

a deterrent effect; and, (4) he has not received any credit for his acceptance of

responsibility.

We review sentences for reasonableness, which essentially means we ask

whether the district court abused its discretion in imposing a sentence.  *United*

*States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Pugh*, 1179, 1189

(11th Cir. 2008).  Sentences, like this one, that are within the properly calculated

guidelines range are ordinarily expected to be reasonable.  *Rita v. United States*,

551 U.S. 338, 341 (2007); *United States v. Campbell*, 491 F.3d 1306, 1313 (11th

Cir. 2007).  Even if a sentence is within the guidelines, to be substantively

reasonable, it must also, considering the totality of the circumstances, achieve the

3

purposes of § 3553(a).[1]  *Gall v. United States*, 552 U.S. 38, 51 (2007); *Pugh*, 515 F.3d at 1191*; United States v. Williams*, 435 F.3d 1350, 1354 (11th Cir. 2006). The party challenging a sentence bears the burden of establishing its unreasonableness.  *Pugh*, 515 F.3d at 1189.

Schaefer's arguments do not show that his sentence is unreasonable, indeed, some of them do just the opposite.  For example, although Schaefer claims the district judge gave no consideration to his acceptance of responsibility, the guidelines sentence reflects a three-level reduction based on Schaefer's early guilty plea.

Schaefer also argues that the trial judge gave undue weight to his "relatively minor" criminal history in sentencing.  This court has held that "the weight given to any § 3553(a) factor is within the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors."  *United States v.*

---

[1] Those purposes are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*See* 18 U.S.C. § 3553(a).

*Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). Though the trial judge considered Schaefer's criminal history under the § 3553(a) analysis, there is nothing in the record to suggest that he placed undue emphasis on it in making his decision.[2]

Schaefer's remaining arguments are conclusory. His assertion that he will not engage in similar conduct in the future does nothing to demonstrate that his sentence is substantively unreasonable. His argument that a guidelines sentence is unnecessary for deterrence is likewise unavailing. Though Schaefer makes these assertions, he does not suggest how or why they show that his sentence is unreasonable.

Schaefer has not presented any evidence that the trial court abused its discretion by unjustifiably relying on any one § 3553(a) factor, imposing an arbitrary sentence, or basing its sentence on an impermissible factor. *Pugh*, 515 F.3d at 1191–92. We therefore affirm the sentence imposed by the district judge.

### III. Ineffective Assistance of Counsel

Schaefer also claims that he received ineffective assistance of counsel when his lawyer failed to file an appeal despite his request after he was initially sentenced. Because the district court granted Schaefer's § 2255 motion and

---

[2] Nothing requires a district judge to state on the record that he or she has explicitly considered each of the § 3553(a) factors or to discuss each one in detail. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

5

resentenced him following the *Phillips* procedure, 225 F.3d at 1200, which allowed Schaefer to take an appeal, any prejudice that he suffered as a result of his prior counsel's failings has been cured. As such, his claim is moot.

**AFFIRMED.**