[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12111
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20429-PAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RODRIGUEZ GIL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Lazaro Rodriguez Gil appeals his 76-month sentence, imposed below the

Sentencing Guideline range on resentencing based on his substantial assistance to

law enforcement, after pleading guilty to one count of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963.  This appeal comes to us following Rodriguez Gil's second resentencing, pursuant to *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000), after the district court granted his 28 U.S.C. § 2255 motion.  On appeal, Rodriguez Gil argues that the district court erred in denying him safety valve relief because the Guidelines are merely advisory, he never admitted to the validity of his prior conviction, and the fact of his prior conviction was never submitted to a jury.

We ordinarily review *de novo* constitutional challenges to a sentence raised before the district court, *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir.), *cert. denied*, 134 S.Ct. 311 (2013), and issues raised for the first time on appeal for plain error, *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006).  However, we do not review invited error, even for plain error.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

Invited error exists when a party's statements or actions induce the district court to make an error.  *Id.*  We have applied the doctrine of invited error where the party affirmatively requested or specifically agreed with the challenged action of the district court.  *E.g.*, *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005) (finding that the defendant invited error when his counsel stated that the jury instructions "covered the bases" and that further elaboration on the elements was

2

not necessary, and therefore could not challenge the instructions on appeal).

We have held that, when a district court determines that an out-of-time appeal is warranted as the remedy in a § 2255 proceeding, the court should: (1) vacate the criminal judgment from which the out-of-time appeal is to be permitted; (2) reimpose the same sentence; and (3) advise the defendant of his right to appeal and the time for filing his notice of appeal. *Phillips*, 225 F.3d at 1201. Additionally, we have stated that the purpose of the § 2255 remedy when a defendant has lost the opportunity to appeal due to ineffective assistance of counsel "is to put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal." *McIver v. United States*, 307 F.3d 1327, 1331 (11th Cir. 2002) (quotations and alteration omitted).

The safety valve provision of 18 U.S.C. § 3553 provides that in the case of certain controlled substance offenses, including offenses under 21 U.S.C. § 963, if the court finds at sentencing that the defendant meets certain criteria, the district court must impose a sentence  according to the Guidelines, without regard to any statutory minimum sentence.  18 U.S.C. § 3553(f).  One of these criteria is that a defendant cannot have more than one criminal history point, as determined under the Sentencing Guidelines. *Id.* § 3553(f)(1).  We have held that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render the eligibility criteria for safety valve relief

3

advisory.  *See United States v. Brehm*, 442 F.3d 1291, 1299-1300 (11th Cir. 2006) (reasoning that even after *Booker*, district courts are obligated to correctly calculate the defendant's Guideline range).

In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the Government may use the fact of a prior conviction to enhance a defendant's sentence without charging that prior conviction in the indictment or proving it to a jury beyond a reasonable doubt. *United States v. Beckles*, 565 F.3d 832, 846 (11th Cir. 2009).  Subsequently, in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), the Supreme Court held that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  More recently, in *Alleyne v. United States*, the Court extended *Apprendi*'s holding to facts that increase a mandatory minimum sentence.  570 U.S. __, 133 S.Ct. 2152, 2155, 186 L.Ed.2d 314 (2013).  However, the Court declined to overrule its holding in *Almendarez-Torres* in *Alleyne*.  *Id.* at __, n.1, 133 S.Ct. at 2160 n.1.  Thus, we have held that *Almendarez-Torres* remains binding law even after *Alleyne*, and findings regarding the fact of a prior conviction continue to be governed by *Almendarez-Torres*.  *United States v. King*, 751 F.3d 1268, 1280 (11th Cir. 2014).

Upon review of the record and consideration of the parties' briefs, we

affirm.  As an initial matter, we need not consider the merits of Rodriguez Gil's arguments in this case because Rodriguez Gil invited error when he conceded at the original sentencing hearing that he was not eligible for safety valve relief. Nevertheless, even if Rodriguez Gil did not invite error, his claims lack merit because they are foreclosed by binding precedent.  Accordingly, the district court did not err in denying Rodriguez Gil safety valve relief, and we affirm.

**AFFIRMED.**