[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11138

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUNIEL B. RIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20723-UU-1

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Juniel Rios appeals his total sentence of 180 months of imprisonment for possession with intent to distribute ethylone and possession of a firearm in furtherance of a drug-trafficking crime. He argues that the district court committed procedural errors at sentencing and abused its discretion by imposing a substantively unreasonable sentence. After careful review, we affirm.

## I.

In 2015 Rios pled guilty under a written plea agreement to possession with intent to distribute ethylone, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). According to Rios's presentence investigation report ("PSR"), Rios was arrested after attempting to sell ethylone to a confidential informant outside his residence. During a subsequent search of his home by consent, officers found drugs and various other items, including two ballistic vests, one AR-15 semiautomatic rifle, a Taser device, and police red and blue emergency lights.

Rios's PSR determined that he qualified as a "career offender" based on two prior convictions for Florida burglary of an unoccupied dwelling. Then, applying the career-offender guideline's rules for cases where a career offender is convicted of § 924(c) and another offense, the PSR recommended a guideline range of

262 to 327 months in prison, inclusive of both offenses. *See* U.S.S.G. § 4B1.1(c)(2)(B), (c)(3). Rios didn't object to his classification as a career offender or to the facts of his offense. Instead, he contended that the district court should sentence him below the guideline range either by applying a downward-departure provision, U.S.S.G. § 4A1.3, or by downwardly varying from the guideline range under 18 U.S.C. § 3553(a).

At Rios's June 2016 sentencing, the district court began by reciting the PSR's recommended guideline range and asking the government for its sentencing recommendation. After the government requested a sentence within the guideline range of 262 to 327 months, the court asked the probation officer for the guideline range "if the Court were to treat him not as a career offender." According to the probation officer, Rios's non-career-offender guideline range was 70 to 87 months for the drug offense, plus a consecutive term of 60 months for the gun offense.

The district court then stated that, in its understanding, there were no objections to the PSR but that Rios was moving for a "variance based on the criminal history." Defense counsel agreed. The court explained that it had reviewed his criminal history and that "what's jacking him up in some respects is some pretty minor stuff," such as petty theft. At the same time, the court noted that his two burglary convictions were serious offenses, and it was "very disturbed" by the circumstances of his conduct in this case and the presence of "paramilitary equipment" in his residence. Defense counsel indicated that Rios possessed the AR-15 for

protection in his "extremely violent" neighborhood. While the court acknowledged his neighborhood may have been dangerous, it found that reason inadequate "to explain why the kind of para-military equipment was located in his residence, and I have to assume from this that Mr. Barrios had other intentions."

Based on these considerations, the district court stated that it was "not going to sentence [Rios] as a career offender." Instead, the court sentenced him to the statutory maximum term of 120 months on the drug offense, plus a consecutive term of 60 months on the gun offense, for a total of 180 months. Neither party objected to the sentence or sought clarification of the court's decision or its handling of the career-offender issue. Rios eventually brought this appeal.[1]

## II.

Rios presents three arguments on appeal: (1) the district court violated Rule 32(h), Fed. R. Crim. P., by failing to provide notice that it intended to depart upward from the non-career-offender guideline range; (2) the court violated U.S.S.G. § 2K2.4, cmt. n.4, by enhancing the sentence based on the characteristics of the

---

[1] Rios initially failed to file a notice of appeal from the judgment. But the district court later vacated and reentered its judgment in response to Rios's 28 U.S.C. § 2255 motion alleging his counsel was ineffective for failing to consult with him about an appeal. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (outlining the procedure for courts to use when an "out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding"). And Rios timely appealed the reentered judgment.

firearm he possessed; and (3) the sentence is substantively unreasonable. We address each argument in turn.

### A.

Because Rios didn't raise his objection under Rule 32(h) before the district court, we review for plain error only. *United States v. Hall*, 965 F.3d 1281, 1296 (11th Cir. 2020). In any case, the standard of review makes no difference because there was no error. *See id.*

Rule 32(h) requires a district court to provide "reasonable notice" when it is considering a "departure" on a ground not identified in the PSR or a party's filing. Fed. R. Crim. P. 32(h). This notice requirement, however, applies only to departures a district court makes pursuant to a particular departure provision in the guidelines. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). It "does not apply to 18 U.S.C. § 3553 variances"—that is, when the court exercises its discretion to impose a sentence outside the guideline range based on the § 3553(a) sentencing factors. *Id.*; *Hall*, 965 F.3d at 1295. To determine whether the district court varied or departed, "we look at whether it cited a specific guidelines departure provision in setting the defendant's sentence, or whether its rationale was based on the § 3553(a) factors and a determination that the guidelines range was inadequate." *Hall*, 965 F.3d at 1296.

Here, the record shows the district court applied a variance, not a departure. At the outset, we note that the record is ambiguous as to whether the court, in sentencing Rios to a total of 180

months, came down from the career-offender range (262 to 327 months) or up from the non-career-offender range (70 to 87 months, plus 60 months). Either way, though, what the court did was a variance. It didn't cite a specific guideline departure provision. It treated Rios's request for a sentence below the career-offender guideline range as a motion for a "variance based on the criminal history." And its reasoning reflected a judgment that both guideline ranges were inadequate in light of the § 3553(a) factors. *See Hall*, 965 F.3d at 1296–97. Because the court imposed a variance, not a departure, no advance notice was required.

Nor does it violate due process to dispense with notice requirements for variances, as Rios suggests. *Irizarry*, 553 U.S. at 714. "[A]ny expectation . . . that a criminal defendant would a receive a sentence within the presumptively applicable Guidelines range did not survive" *United States v. Booker*, 543 U.S. 220 (2005), which made the guidelines advisory. *Id.*; *see United States v. Plasencia*, 886 F.3d 1336, 1344–45 (11th Cir. 2018). Moreover, Rios's claim of unfair surprise is wholly unconvincing, despite the ambiguities at sentencing. Defense counsel expected the guideline range to be well above the sentence Rios eventually received, and the court relied on undisputed facts in the PSR, which are fair game for sentencing. *United States v. Estrella*, 758 F.3d 1239, 1247 (11th Cir. 2014).

## B.

Next, the district court didn't violate § 2K2.4, cmt. n.4, by basing the sentence in part on characteristics of the firearm Rios

possessed in furtherance of his drug-trafficking crime. Again, we review for plain error because Rios failed to object in the district court on this ground. *See Hall*, 965 F.3d at 1296.

Application Note 4 of the commentary to § 2K2.4 prohibits district courts from applying any weapon enhancement under the guideline for the underlying offense of conviction when the defendant is also sentenced for a § 924(c) offense, because that conduct is accounted for by the § 924(c) sentence. U.S.S.G. § 2K2.4, cmt. n.4; *see United States v. Diaz*, 248 F.3d 1065, 1106–07 (11th Cir. 2001). This commentary, however, has no application here because the district court didn't apply any weapon enhancement related to Rios's possession of an AR-15 rifle when calculating the guideline range for the underlying offense.

More broadly, nothing in Application Note 4 constrains the district court's broad discretion to consider all relevant information under § 3553(a).[2] As we noted above, the guidelines are advisory, and courts are free to disagree with their recommendations based on the § 3553(a) factors. *See Plasencia*, 886 F.3d at 1345; *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Those factors include "the nature and circumstances of the offense," 18 U.S.C. § 3553(a), which plainly includes Rios's possession

---

[2] *See, e.g.*, 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

of an AR-15 and ballistic vests in connection with his drug-trafficking activity. Accordingly, the court properly considered that factor, among others, when deciding on an appropriate sentence. *See Rosales-Bruno*, 789 F.3d at 1260 ("In assigning weight to the § 3553(a) factors as part of the weighing process, a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts.").

## C.

Finally, we review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, considering whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence under the totality of the circumstances. *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2)(A)–(C). The court is afforded "substantial deference" in making that determination. *Rosales-Bruno*, 789 F.3d at 1256. The weight to be assigned to the § 3553(a) factors—whether great or slight—is committed to the sound discretion of the district court, and "we will not reweigh the factors." *United States v. Johnson*, 803 F.3d 610, 620 (11th Cir. 2015). We will vacate a sentence only if the party challenging it convinces us that, even after giving a full

measure of deference to the sentencing judge, the sentence lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190–91 (11th Cir. 2010) (*en banc*).

Here, Rios's total sentence of 180 months is substantively reasonable. In imposing that sentence, the district court expressly referenced the PSR and facts about the offense and Rios's criminal history. The court concluded that his criminal history wasn't severe enough to warrant a sentence within the career-offender range of 262 to 327 months, as the government had requested. But it also found the non-career-offender range inadequate in light of his two convictions for the serious offense of burglary and the severity of his underlying offense conduct, which involved possession of an AR-15 and ballistic vests in connection with the drug-trafficking offense. The weight to give these factors was for the district court, and Rios has not shown that the court abused its discretion by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190–91. We therefore affirm Rios's 180-month sentence.

**AFFIRMED.**