[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11293

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RODNEY LAMAR NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20118-CMA-1

_____

Before JORDAN, LAGOA, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant appeals the 180-month sentence he received after pleading guilty to conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841, and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Defendant argues that the district court erred when it enhanced his sentence pursuant to the Armed Career Criminal Act ("ACCA") and when it failed to conduct a *de novo* resentencing after vacating Defendant's original sentence due to defense counsel's ineffective assistance in failing to file a timely notice of appeal. After careful review, we **DISMISS** Defendant's appeal pursuant to the appeal waiver provision he executed in his plea agreement with the Government.

## BACKGROUND

Defendant was charged in a superseding indictment with nine federal drug and firearm charges, including conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841, and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Based on the factual proffer submitted in support of his subsequent plea agreement, the charges against Defendant stemmed from five controlled narcotics purchases by a confidential informant ("CI")

between October 2017 and August 2018. Prior to each purchase, law enforcement officers provided the CI with money to buy narcotics and a hidden recording device to capture the transaction, and afterwards the CI returned the purchased narcotics and the recordings to the officers. In addition to the recordings provided by the CI, the officers independently recorded several of the transactions. The recordings showed that Defendant was the seller in all five transactions. Laboratory results confirmed that the narcotics purchased by the CI were controlled substances, including cocaine, oxycodone, heroin, and marijuana.

Officers arrested Defendant in March 2021 at an apartment where one of the controlled purchases had taken place. Defendant acknowledged at the time of his arrest that he was a convicted felon, and he further told the arresting officers there was an assault rifle in the apartment. When the officers searched the apartment, they discovered a rifle, two pistols, and numerous rounds of ammunition in the bedroom of the apartment and in a laundry closet off the bedroom. The officers also saw in plain view and seized numerous controlled substances, including cocaine and marijuana, along with small plastic bags commonly used to package narcotics for sale.

Defendant pled guilty to the § 846 conspiracy offense, one of the § 841 possession offenses, and the § 922(g) firearm offense in a plea agreement in which the Government agreed to seek the dismissal of the six remaining counts against Defendant in the indictment. Defendant acknowledged in the agreement that he qualified

for sentencing under the ACCA as to the § 922(g) offense, and he agreed that he would not challenge the application of the ACCA in his case. The ACCA mandates a 180-month minimum sentence when a defendant who is convicted under § 922(g) has three prior convictions for a "violent felony" or a "serious drug offense." *See* 18 U.S.C. § 924(e)(1). Defendant conceded in the agreement that his prior felony convictions for the following offenses qualified as a serious drug offense or a violent felony, and thus subjected him to sentencing under the ACCA: (1) a 2002 conviction for possession with intent to sell or distribute cocaine within 1000 feet of a school in violation of Florida Statutes § 893.13, (2) a 2002 conviction for cocaine trafficking in violation of Florida Statutes § 893.13, and (3) a 2010 conviction for attempted murder, in violation of Florida Statutes § 782.04. Defendant conceded that, given the ACCA enhancement, the sentencing court was required to impose a statutory minimum of 180 months as to the § 922(g) count.

The plea agreement included an appeal waiver provision, in which Defendant acknowledged his right under 18 U.S.C. § 3742 to appeal the sentence imposed in his case, and expressly waived the right to pursue any such appeal "in exchange for the undertakings made by the [Government] in th[e] plea agreement." More specifically, Defendant waived the right to appeal his sentence unless it exceeded the maximum permitted by statute or was the result of an upward variance or departure from his advisory guidelines range. Defendant stated in the agreement that he had discussed the appeal waiver provision with his attorney, and that his waiver of the right to appeal his sentence was knowing and voluntary.

Consistent with his representations in the plea agreement, Defendant confirmed at his plea hearing that he qualified for sentencing under the ACCA on the § 922(g) count, and that the district court was required to impose a minimum term of 180 months and could impose a maximum term of life imprisonment on that count.[1]  The court reiterated to Defendant at the hearing that it was required to sentence him to 180 months under the ACCA, that it had the authority to sentence him up to the statutory maximum of life, and that Defendant would not be permitted to withdraw his guilty plea because of the sentence imposed.  Defendant responded that he had reviewed the plea agreement with his attorney, and he expressly confirmed that he understood his appeal rights with respect to his sentence and had agreed to waive those rights in the agreement he negotiated with the Government unless his sentence exceeded the statutory maximum or was the result of an upward variance from the recommended guidelines range established at sentencing.

The PSR determined that Defendant was responsible for at least 1,189 grams of marijuana, 160 grams of cocaine, 8.8 grams of cocaine base, 15 grams of heroin, and 11.2 grams of oxycodone.

---

[1]  We *sua sponte* supplement the record to include the transcript of Defendant's plea hearing, which is necessary to the resolution of this appeal.  *See* Fed. R. App. 10(e)(2) (authorizing the appellate court to supplement the record with "anything material to either party" that is "omitted from or misstated in the record by error or accident.").  The transcript was made part of the record in Defendant's § 2255 case, and it is attached as an exhibit to the appendix in this case, but it was inadvertently omitted from the record here.

Based on those quantities, the PSR assigned Defendant a base offense level of 24 pursuant to USSG § 2D1.1. Two levels were added for Defendant's possession of a firearm, resulting in an adjusted offense level of 26. Defendant's offense level was raised to 33 after applying an ACCA enhancement for the § 922(g) offense, and decreased by three levels for Defendant's timely acceptance of responsibility, resulting in a total offense level of 30.

The criminal history section of the PSR described Defendant's numerous prior arrests and convictions, beginning when Defendant was 14 years old and continuing—interrupted by brief periods of incarceration—throughout the date of his offenses in this case. Defendant's prior arrests and convictions involved multiple drug offenses, theft and multiple grand thefts, attempted murder, burglary, attempted strongarm robbery, and multiple batteries, aggravated batteries, and assaults, including one battery during which Defendant punched his wife in the face and put her in a choke hold. Based on his prior convictions and his status as an armed career criminal, plus the fact that Defendant committed the instant offense while on probation, Defendant's criminal history category was determined to be VI. With a criminal history category of VI and a total offense level of 30, Defendant's recommended guidelines range was calculated to be 168 to 210 months. But given the statutorily required minimum sentence of 180 months for Defendant's § 922(g) offense, the PSR set his recommended guidelines range at 180 to 210 months.

The Government filed a sentencing memorandum in which it recommended that the district court sentence Defendant under the ACCA based on his prior Florida drug and attempted murder convictions. The Government attached to its memorandum certified copies of Defendant's predicate convictions. Defendant did not respond to the memorandum, or otherwise object to the Government's filing or any other aspect of the PSR. At the sentencing hearing, the Government recommended a sentence of 180 months, reflecting the mandatory minimum sentence required under the ACCA. Defense counsel acknowledged that the ACCA was applicable, stated that he found no objections to Defendant's predicates supporting the enhancement, and likewise requested a sentence of 180 months.

Speaking to the district court on his own behalf at the sentencing hearing, Defendant argued, contrary to his attorney, that his prior convictions did not qualify as ACCA predicates because (1) his prior Florida drug offenses involved simple possession, and (2) he did not personally shoot the victim in the attempted murder case. The Government responded by pointing to Defendant's Florida judgments of conviction and clarifying that his drug convictions were for possession with intent to sell or deliver cocaine within 1000 feet of a school and possession with intent to sell, manufacture, or deliver cocaine, not simple possession, and that the facts surrounding the attempted murder conviction were set out in the PSR, including the fact that Defendant supplied the gun to the shooter. Defense counsel confirmed, in a follow-up conversation

with the court, that Defendant's convictions did in fact qualify as ACCA predicates.

At the conclusion of the sentencing hearing, the district court indicated that it agreed with defense counsel and the Government that Defendant was eligible to be sentenced under the ACCA, and that a mandatory minimum of 180 months thus applied to him. After considering the relevant sentencing factors, the court sentenced Defendant to 180 months, as requested by both defense counsel and the Government. Defense counsel stated that he had no objections to the sentence and, as the parties had agreed and upon the Government's motion, the court dismissed the six remaining counts against Defendant.

Defense counsel subsequently failed to file a timely notice of appeal from the sentence, despite Defendant's request that he do so. Citing that failure and other issues, Defendant filed a motion under 28 U.S.C. § 2255 to vacate his sentence, arguing that he was denied effective assistance of counsel. *See Nelson v. United States*, 2023 WL 2854433 (S.D. Fla. Apr. 10, 2023). The district court held an evidentiary hearing and granted Defendant's motion only as to the claim that counsel was ineffective when he failed to file an appeal per Defendant's instruction. *Id.* at *5. Pursuant to its ruling on Defendant's § 2255 motion, the court entered an amended judgment of conviction from which Defendant could file a timely appeal. Like the original judgment, the amended judgment sentenced Defendant to 180 months.

Defendant filed a timely notice of appeal from the amended judgment. He now argues, in support of the appeal, that the district court erred when it applied the ACCA in his case because (1) his Florida drug convictions do not qualify as ACCA serious drug offenses pursuant to this Court's decision in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022) disqualifying a defendant's similar convictions on the ground that Florida's definition of cocaine is broader than the federal definition of cocaine due to Florida's inclusion of the cocaine analogue ioflupane at the time the defendant committed his federal firearms offense and (2) the Government failed to prove that his prior convictions occurred "on occasions different from one another" as required by the ACCA. Defendant also argues that the district court erred when it entered the amended judgment imposing a 180-month sentence without conducting a *de novo* resentencing proceeding.

The Government urges the Court to dismiss Defendant's appeal pursuant to the invited error doctrine and the appeal waiver in the plea agreement. We assume without deciding that the invited error doctrine does not apply, given Defendant's statements on his own behalf at sentencing concerning the ACCA. Nevertheless, we hold that Defendant's appeal is barred by the appeal waiver. We also note that we would affirm Defendant's sentence even if we did not enforce the appeal waiver because the district court did not err, much less plainly err, when it concluded that the ACCA applies in this case. Finally, we hold that the district court followed the correct procedure when it vacated Defendant's

judgment and resentenced him to 180 months in an amended judgment from which Defendant could file a timely notice of appeal.

## DISCUSSION

### I.    Standards of Review

This Court reviews the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). Generally, the Court also reviews *de novo* a district court's determination that a prior conviction qualifies as an ACCA predicate. *See United States v. Laines*, 69 F.4th 1221, 1229 (11th Cir. 2023). However, we review issues raised for the first time on appeal under the plain error standard. *Id.* That standard "requires that there be error, that the error be plain, and that the error affect a substantial right." *Id.* (quotation marks omitted). "An error is plain if it is obvious or clear under current law." *Id.* (quotation marks omitted). Assuming there is such an error, we may "exercise our discretion to notice the forfeited error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

### II.    Appeal Waiver

As discussed, Defendant executed an appeal waiver provision in which he agreed to waive the right to appeal his sentence in exchange for the Government's agreement to seek the dismissal of six additional counts against him. This Court has consistently enforced such appeal waivers in cases like this one, where the district court questioned Defendant about the waiver, explained its meaning and significance to Defendant, and confirmed Defendant's

understanding of its terms and his knowing and voluntary agreement to them. *See United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020) (citing *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (stating that this Court has "consistently enforced knowing and voluntary appeal waivers according to their terms" and collecting cases)). In addition to providing these general protections, the court here specifically explained to Defendant at his plea hearing that, as to the § 922(g) count, he was an armed career criminal with three qualifying predicate convictions and the appeal waiver meant he could not later challenge the application of the ACCA enhancement in his case. Defendant assured the court in response that he had reviewed the waiver with his attorney, that he understood it meant he was waiving his right to appeal and specifically waiving his right to later challenge his sentencing under the ACCA, and that he knowingly and voluntarily agreed to the waiver. Our binding precedent requires that an appeal waiver be enforced under these circumstances. *See id.*

Moreover, none of the exceptions to the appeal waiver provision apply in this case. As relevant here, the provision allows Defendant to appeal his sentence only if the sentence was the result of an upward departure or variance from the advisory guidelines range or if it exceeded the maximum penalty permitted by statute.[2] The district court did not impose an upward departure or variance, but instead sentenced Defendant at the bottom of his advisory

---

[2] The waiver provision also provides for an exception if the Government appeals, but that exception does not apply here.

12                    Opinion of the Court                    23-11293

guidelines range. As to the exception allowing an appeal if the sentence exceeds the maximum permitted by statute, the term "maximum permitted by statute" in this context means "the maximum statutory penalty in effect at the time of sentencing." *King v. United States*, 41 F.4th 1363, 1368 (11th Cir. 2022) (explaining that the "maximum penalty provided by statute . . . is not a moving target that changes with new legal developments" (quotation marks omitted)). At the time of Defendant's plea agreement and sentencing, the statutory maximum sentence for his drug offenses was twenty years and the statutory maximum for his § 922(g) offense was life.[3] Defendant acknowledged at the plea hearing that he understood these statutory provisions, and that his 180-month sentence did not exceed them.

In short, there is no basis for upending the appeal waiver in this case. As evidenced by the transcript of Defendant's plea hearing, the district court clearly explained to Defendant the terms of the waiver and its implications, and Defendant assured the court several times that he understood the waiver and knowingly and voluntarily assented to its terms. *See Boyd*, 975 F.3d at 1192 ("[T]he touchstone for assessing [the enforceability of an appeal waiver] is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances." (quotation marks omitted and alterations adopted)). Accordingly, we dismiss

---

[3] Pursuant to a recent amendment to the ACCA, the maximum sentence for an ACCA-enhanced offense is now 180 months. *See* 18 U.S.C. § 924(a)(8) (2022). This amendment does not apply to Defendant, however.

Defendant's appeal pursuant to the appeal waiver provision he executed in his plea agreement with the Government.

## III.    ACCA Enhancement

We note that we would affirm Defendant's sentence even if his appeal was not due to be dismissed.  Again, Defendant argues that the district court erred when it sentenced him under the ACCA because (1) his prior Florida drug convictions do not qualify as serious drug offenses pursuant to this Court's decision in *United States v. Jackson* holding that Florida's definition of cocaine is broader than the federal definition of cocaine due to Florida's inclusion of the substance ioflupane and (2) the Government failed to carry its burden to show that his ACCA predicate offenses were committed on different occasions from one another, as required by the ACCA. Because Defendant did not raise either of these arguments below, our review is for plain error.[4]  *See Laines*, 69 F.4th at 1229.  Contrary to Defendant's argument, we find no error in the district court's application of the ACCA in this case, much less plain error.

---

[4]  Although Defendant argued on behalf of himself at sentencing that the ACCA did not apply to him, he never raised the specific arguments he asserts on appeal: that his prior drug convictions do not qualify as serious drug offenses because of Florida's allegedly overbroad definition of cocaine and because the Government did not show he committed his offenses on different occasions.  *See United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) ("To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." (quotation marks omitted)).

### A.    Serious Drug Offenses

Under the version of the ACCA that applied when Defendant was convicted, a 180-month mandatory minimum sentence applies if a defendant convicted of violating § 922(g) has three prior convictions for a violent felony or a serious drug offense.[5]  18 U.S.C. § 924(e)(1) (2021).  The district court determined that Defendant should be sentenced under the ACCA based on his prior convictions for:  (1) possession with intent to sell cocaine within 1000 feet of a school in violation of Florida Statutes § 893.13, (2) cocaine trafficking in violation of Florida Statutes § 893.13, and (3) attempted murder in violation of Florida Statutes § 782.04(1).  Defendant argues that it was error to include the first two convictions because, pursuant to this Court's decision in *Jackson*, a conviction under Florida Statutes § 893.13 that involves cocaine does not categorically qualify as a serious drug offense under the ACCA.  *See Jackson*, 36 F.4th at 1304 (holding that the defendant's conviction under Fla. Stat. § 893.13 for a cocaine-related offense did not qualify as a serious drug offense under the ACCA because at the time of the defendant's § 922(g) offense Florida law defined the cocaine

---

[5] The current version of the ACCA includes the same 180-month mandatory minimum for such defendants as the version of the ACCA that applied when Defendant was convicted, but the statute has been amended in other respects that are not relevant here.  *See* 18 U.S.C. §§ 924(a), (e)(1) (2022).

analogue ioflupane as a controlled substance, whereas federal law did not).

As Defendant acknowledges, this Court vacated its decision in *Jackson* and replaced it with a superseding decision holding that the defendant's Florida cocaine-related convictions qualified as serious drug offenses under the ACCA. *See United States v. Jackson*, 55 F.4th 846, 855 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (May 2023). In the superseding decision, the Court held that the ACCA's definition of a serious drug offense incorporates the version of the federal controlled substance schedules in effect when the defendant was convicted of the prior state drug offense. *Id.* In *Jackson*, as in this case, ioflupane qualified as a federal controlled substance at the time of the relevant prior offense.[6] *See id.* at 861 ("When [the defendant] was convicted of his state cocaine-related offenses [between 1998 and 2004], the federal schedules included ioflupane as a controlled substance."). Accordingly, *Jackson* does not support Defendant's argument that his prior Florida cocaine convictions do not qualify as serious drug offenses under the ACCA, but rather precludes it.

Defendant notes that the Supreme Court has granted certiorari in *Jackson*. Nevertheless, until the Supreme Court "issues a

---

[6] Defendant was convicted of violating Florida Statutes § 893.13 two times in 2002. At that time, the Florida statute criminalized the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine and cocaine-related substances, including ioflupane. *See Jackson*, 55 F.4th at 851 n.3. The federal schedule of controlled substances in effect at that same time also included ioflupane. *Id.*

decision that actually changes the law," this Court must apply the superseding decision in *Jackson*. *See Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015) (refusing to assign precedential significance to a grant of certiorari). Accordingly, we are not persuaded by Defendant's argument that his prior Florida drug convictions do not qualify as serious drug offenses under the ACCA.

### B.    Crimes Committed on Different Occasions

Defendant also argues that the Government failed to show his qualifying predicate offenses were "committed on occasions different from one another" as required by the ACCA. *See* 18 U.S.C. § 924(e)(1). In support of this argument, Defendant notes that he was not asked any questions at his plea hearing concerning whether he committed his predicate crimes on different occasions. Thus, according to Defendant there is no evidence that his prior drug and attempted murder offenses were anything other than a single criminal event, and they must be treated as such for purposes of the ACCA analysis.

Contrary to Defendant's argument, there is plenty of evidence in the record to show that his predicate offenses occurred on different occasions from each other. Again, Defendant did not object to any of the facts asserted in the PSR. He is thus deemed to have admitted those facts, including the facts describing his prior Florida convictions. *See United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014) (holding that the defendant is deemed to have admitted statements in the PSR that he did not object to "with

specificity and clarity" (quotation marks omitted)); *see also United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013) ("The district court may rely on undisputed facts contained in the PSI in determining a sentence."). And those facts conclusively show that Defendant committed the three offenses underlying his predicate ACCA convictions on "occasions different from one another." *See* 18 U.S.C. § 924(e)(1). Specifically, Defendant committed the first cocaine offense in September 2001, the second cocaine offense in January 2002, and the attempted murder nearly a decade later in February 2010.

Defendant cites a recent Supreme Court decision clarifying that determining whether offenses occurred on different occasions as required by the ACCA sometimes entails a "multi-factored" inquiry that considers "a range of circumstances [that] may be relevant to identifying episodes of criminal activity." *See Wooden v. United States*, 595 U.S. 360, 369 (2022). But the Court acknowledged in *Wooden* that in many cases a single factor such as time or place can "decisively differentiate occasions" and that "offenses separated by substantial gaps in time or significant intervening events" do not count as part of "one occasion." *Id.* at 369–70. Here, Defendant committed two drug offenses approximately four months apart and an attempted murder offense nearly a decade later, and based on the description in the PSR, none of the offenses were remotely related to each other. Given those facts, there is no viable argument that the district court erred, much less plainly erred, when it determined that Defendant committed his predicate offenses on "occasions different from one another" as required by

the ACCA. *See United States v. Penn*, 63 F.4th 1305, 1318 (11th Cir. 2023) ("No reasonable person would say that [the defendant's] two sales of cocaine, thirty days apart, occurred on the same occasion").

## IV.    *De Novo* **Resentencing**

Finally, Defendant argues that the district court erred when, after granting his § 2255 motion and vacating his original sentence, the court reimposed a 180-month sentence without holding a *de novo* resentencing proceeding. Defendant's argument is foreclosed by this Court's decision in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). As the Court explained in *Phillips*:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised [of the time] for filing a notice of appeal from that reimposed sentence[.]

*Id.*

That is exactly what the district court did in this case. And in doing that, the court accomplished the goal of the procedure set out in *Phillips*: "to put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal." *See*

23-11293                 Opinion of the Court                      19

*McIver v. United States*, 307 F.3d 1327, 1331 (11th Cir. 2002) (quotation marks omitted and alteration adopted).  There is no error.

## CONCLUSION

For the foregoing reasons, Defendant's appeal is **DISMISSED**.